**CLOSING**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>**UNITED STATES DISTRICT JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST. ROOM 4066**<br>**NEWARK, NJ 07101**<br>**973-297-4903** |

March 28, 2019

VIA ECF

## LETTER ORDER

Re:   **Schragen v. Wilmington Savings Fund Society**
      **Civil Action No. 18-11137**

Dear Litigants:

Before the Court is pro se Appellant Eric M. Schragen's ("Appellant" or "Shragen") Appeal of an Order from the United States Bankruptcy Court for the District of New Jersey dated June 20, 2018, ECF No. 1.  For the reasons explained below, the Appeal is **DENIED.**

### I.   Background

This matter arises out of Shragen's filing for Chapter 13 bankruptcy on April 18, 2018. See Bankruptcy Dkt. 18-17726-JKS ("18-17726-JKS").  On April 19, 2018, Shragen moved for an an automatic stay.  See id.  One of Shragen's creditors, Wilmington Savings Fund Society, FSB, d/b/a/ Christina Trust ("Wilmington Savings"),[1] opposed the motion, arguing that Shragen's bankruptcy case was filed in bad faith, that he had no equity in his primary residence, and that he had multiple pending bankruptcy cases in several jurisdictions.  See id. at ECF No. 23.  Following a hearing on May 10, 2018, the bankruptcy court granted Shragen's motion for an automatic stay subject to his compliance with three conditions: (1) tender the May adequate protection payment and file a request for loss mitigation by May 15, 2018; (2) tender the June adequate protection payment on or before June 14, 2018; and (3) deliver proof by May 17, 2018 that his bankruptcy case pending in the Middle District of Pennsylvania would be dismissed.  See id. at Minute Entry dated 05/10/2018.  The bankruptcy court's order also indicated that Shragen's creditors could seek relief from the stay if any of the above conditions were not met in time.  Id.

---

[1] Wilmington Savings acted as trustee for Pretium Mortgage Acquisition Trust, which holds a mortgage on Shragen's primary residence in Denville, New Jersey.  See 18-17726-JKS, ECF No. 50.

Shragen failed to make the May adequate protection payment by May 15, 2018. See id. at ECF No. 35. As such, Wilmington Trust filed a motion for relief from the automatic stay, and the bankruptcy court granted that motion on May 16, 2018 (the "May 16, 2018 Order"). See id. at ECF No. 36. The bankruptcy court also indicated that Wilmington Trust was permitted to foreclose upon Shragen's primary residence. Id. Shragen filed a motion for reconsideration of the May 16, 2018 Order. See id. at ECF No. 41. Wilmington Trust opposed the motion. See id. at ECF No. 50. The bankruptcy court held a hearing on June 15, 2018. On June 20, 2018, the bankruptcy court denied Shragen's motion for reconsideration.

Shragen now appeals the denial of his motion for reconsideration.

## II.   Legal Standard

District courts "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. A bankruptcy judge's findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. See In re Sharon Steel Corp., 871 F.2d 1217, 1222–23 (3d Cir. 1989). A factual finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." In re CellNet Data Sys., Inc., 327 F.3d 242, 244 (3d Cir. 2003) (internal quotation marks omitted); see also In the Matter of Jersey Integrated Health-Practice, 07-3795 (SRC), 2008 WL 305739, at *2 (D.N.J. Jan. 30, 2008) ("The fact that the reviewing court could have decided a matter differently does not render a finding of fact clearly erroneous."). Furthermore, courts in this Circuit generally review the denial of a motion for reconsideration for abuse of discretion. See, e.g., In re A&P Diversified Techn. Realty, 07-4574 (GEB), 2008 WL 482336, at *2 (D.N.J. Feb. 19, 2008) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1203 (3d Cir. 1995)); see also Thomas v. Universal Am. Mortg., 97-3995, 97-4001, 97-4123, 97-5408, 1998 WL 57523, at *3 (E.D. Pa. Feb. 6, 1998) ("The Bankruptcy Court's determination of whether to vacate the automatic stay will only be overturned for abuse of discretion.").

## III.   Analysis

The Court concludes that the Bankruptcy Court did not abuse its discretion in denying Appellant's motion for reconsideration.

Pursuant to 11 U.S.C. § 362(d), "[o]n request of party in interest and after notice and hearing," a bankruptcy court may grant relief from the automatic stay by "terminating, annulling, modifying, or conditioning" the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1); see also United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 369–70 (1988). "[A]dequate protection is meant to preserve the status quo of the entity with an interest in the debtor's property during a reasonable length of time." In re Tudor Motor Lodge Assocs., Ltd. P'Ship, 102 B.R. 936, 954 (Bankr. D.N.J. 1989).

Here, on request of Wilmington Trust, a party in interest, the bankruptcy court held a hearing on the issue of whether to terminate the automatic stay. The bankruptcy court then conditioned the stay on Shragen's adequate protection payments—a condition which is explicitly permitted pursuant to § 362(d)(1). Appellant has not provided this Court with any reason to find

that the bankruptcy court abused its discretion in determining that he violated the court ordered condition to make his adequate protection payments.

Though Appellant did not file any briefing on appeal, the Court has reviewed his filings from the bankruptcy docket, as well as the transcript from the May 10, 2018 hearing on the automatic stay and the transcript from the June 15, 2018 hearing on the motion for reconsideration. In short, Appellant argued that he was confused about the need to make adequate protection payments.[2] However, the bankruptcy court made Shragen's obligations clear from the beginning. During the first hearing on May 10, 2018, the court told Shragen that if he wanted "to be perceived as someone who is serious about paying his debts," he had "to start paying them." May 10, 2018 Tr. at 18. Moreover, the court explicitly told Shragen, "[I]f you're going to stay in Chapter 13 here, you're going to pay every month." Id. at 8. Shragen responded by saying, "I know." Id. Then, at the June 15, 2018 hearing, Shragen claimed that he didn't make the payments because he didn't know who to send them to. See June 15, 2018 Tr. at 4–6. The court indicated that its instructions were clear: "I told you to pay Mr. Caine, you didn't pay Mr. Caine. And you don't have the money with you today." Id. at 6; see also id. at 13 ("To me the most critical fact was that I ordered the Debtor to make these payments and he hasn't. And that's why I entered the order in the first place. We're back here on a motion for reconsideration, and the Debtor still doesn't have the funds in hand.").

Accordingly, the Court finds that the bankruptcy court did not abuse its discretion in denying Schragen's motion for reconsideration.

### IV. Conclusion

For the reasons stated above, Appellant's Appeal of the United States Bankruptcy Court's Order, ECF No. 1, is **DENIED**.

**SO ORDERED.**

*/s Madeline Cox Arleo*_____
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[2] Appellant indicated that he spoke with a loan management company about alternatives to foreclosure. According to Appellant, the representative from the loan management company advised him "not to send any payments" because they only needed "proof of funds to be used in the mortgage medication process." See 18-17726-JKS at ECF No. 50. Yet, as Wilmington Trust noted in its briefing, Appellant confused two separate issues: his need to make post-petition adequate protection payments directly to the creditor, and his need to provide proof of funds for a loan modification application. See id. Given the clarity of the bankruptcy court's instructions, see infra, the Court declines to find that the bankruptcy court abused its discretion.